# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

THOR J. S.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. 3:19-CV-5451 DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he improperly discounted the opinions of Dr. Peter Weiss and Ms. Tracy Svoboda. The ALJ's error is therefore harmful, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On March 18, 2015, Plaintiff filed an application for SSI, alleging disability as of March 8, 2012. *See* Dkt. 8, Administrative Record ("AR") 26. The application was denied upon initial administrative review and on reconsideration. *See* AR 26. A hearing was held before ALJ Allen G. Erickson on November 21, 2017. *See* AR 26. In a decision dated March 8, 2018, the ALJ determined Plaintiff to be not disabled. *See* AR 39. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 24; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by improperly: (1) evaluating the medical opinion evidence; (2) evaluating Plaintiff's subjective symptom testimony and the lay witness testimony; (3) determining Plaintiff's RFC; and (4) finding Plaintiff not disabled in light of the new evidence submitted. Dkt. 12.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I. Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff argues the ALJ erred by improperly considering the opinions of Dr. Weiss, Ms. Svoboda, Mr. Michael Rose, and Mr. Samuel Smith. Dkt. 8, pp. 2-11.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician.

1 | *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506
2 | (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). When a treating or
3 | examining physician's opinion is contradicted, the opinion can be rejected "for specific and
4 | legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at
5 | 830-831 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*,
6 | 722 F.2d 499, 502 (9th Cir. 1983). The ALJ can accomplish this by "setting out a detailed and
7 | thorough summary of the facts and conflicting clinical evidence, stating his interpretation
8 | thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing
9 | *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).)

A. <u>Dr. Weiss</u>

Plaintiff first contends the ALJ erred in his consideration of Dr. Weiss's opinion. Dkt. 8, pp. 2-4.

Dr. Weiss completed a psychological evaluation of Plaintiff in December 2015. AR 597-601. He conducted a clinical interview and a mental status examination ("MSE") of Plaintiff and diagnosed him with schizoaffective disorder, panic disorder, and agoraphobia. AR 597-601. Dr. Weiss opined Plaintiff was severely limited in setting realistic goals and planning independently, performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances without special supervision. AR 599. He also opined Plaintiff was severely limited in communicating and performing effectively in a work setting, maintaining appropriate behavior in a work setting, and completing a normal work day and work week without interruptions from psychologically based symptoms. AR 599. Dr. Weiss opined Plaintiff could handle his own money and that vocational training would minimize or eliminate Plaintiff's barriers to employment. AR 600.

The ALJ discussed Dr. Weiss's opinion and gave it little weight, saying:

> (1) Dr. Weiss's opinions appeared to be somewhat inconsistent. The doctor opined that the claimant had various severe limitations in his ability to work, but also opined that the claimant could handle his own money and that vocational training would help the claimant. (2) The doctor's opinions were not directed towards Social Security disability, but possibly towards the claimant qualifying for help or benefits.

AR 36 (numbering added).

First, the ALJ discounted Dr. Weiss's opinion because it was internally inconsistent. AR 36. An ALJ may discount a claimant's testimony if the testimony is internally inconsistent. *Koehler v. Astrue*, 283 F.App'x. 443, 445 (9th Cir. 2008); *see also Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (ALJs may consider "prior inconsistent statements concerning the symptoms" when determining whether a claimant's testimony regarding the severity of his symptoms is credible). But a conclusory reason does "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion. *Embrey*, 849 F.2d at 421-422. Instead, the ALJ must "build an accurate and logical bridge from the evidence to [his] conclusions" so that the court "may afford the claimant meaningful review of the SSA's ultimate findings." *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003).

Here, the ALJ reasoned that Dr. Weiss's opinion was internally inconsistent because he opined Plaintiff had various severe limitations in his ability to work, yet also opined Plaintiff could handle his own money and that vocational training would help him. AR 36. The ALJ does not explain how Plaintiff handling his own money or how Plaintiff's benefit from vocational training are inconsistent with Dr. Weiss's opined limitations. The ALJ does not cite to the record in support of his conclusion. Without further analysis, the ALJ's reasoning is, by definition, conclusory. *See Hess v. Colvin*, No. 14–8103, 2016 WL 1170875, at *3 (C.D. Cal. Mar. 24, 2016) (An ALJ merely offers his conclusion when his statement "stands alone, without

any supporting facts"). Without an adequate explanation to support the alleged inconsistency, the Court cannot determine if the alleged inconsistency is a valid reason to discredit Dr. Weiss's opinion. *See Blakes*, 331 F.3d at 569. Thus, the ALJ's first reason for discounting Dr. Weiss's opinion is not specific and legitimate and supported by the record. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citation omitted) ("the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence").

Second, the ALJ discounted Dr. Weiss's opinion because his opinion was "not directed towards Social Security disability, but possibly towards the claimant qualifying for help or benefits." AR 36. An ALJ cannot reject a medical opinion based on the purpose for which it was obtained. *See Lester*, 81 F.3d at 832 ("[t]he purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them"); *see also Reddick*, 157 F.3d at 726-727 (rejecting an ALJ's assertion that a physician was biased in favor of a claimant where "nothing in the record" showed the physician lacked objectivity). Here, the ALJ rejected Dr. Weiss's opinion because it may have been directed towards assisting Plaintiff in qualifying for help or benefits. AR 36. Because the ALJ rejected Dr. Weiss's opinion based on its purpose and no evidence in the record has been cited to suggest Dr. Weiss lacked objectivity, this was not a specific, legitimate reason to discount this opinion.

For the above stated reasons, the Court concludes the ALJ failed to provide specific, legitimate reasons supported by substantial evidence for assigning little weight to Dr. Weiss's opinion. Accordingly, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial

to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ given great weight to Dr. Weiss's opinion, the ALJ may have included additional limitations in the RFC. For example, Dr. Weiss opined Plaintiff would be severely limited in completing a normal work day and work week without interruptions from psychologically based symptoms. AR 59. In contrast, in the RFC, the ALJ did not include any absenteeism or productivity limitations. *See* AR 32. Therefore, if Dr. Weiss's opinion was given great weight and additional limitations were included in the RFC and in the hypothetical questions posed to the vocational expert ("VE"), the ultimate disability determination may have changed. Accordingly, the ALJ's errors are not harmless and require reversal. Therefore, the ALJ is directed to reassess Dr. Weiss's opinion on remand.

B. Ms. Svoboda

Ms. Svoboda, an ARNP and Plaintiff's treating medical provider, completed a Washington State Department of Social and Health Services ("DSHS") Work First Documentation Request Form for Medical or Disability Condition in November 2015. AR 580-588. Ms. Svoboda opined Plaintiff was "gravely disabled by mental health" and "[p]hysically disabled from chronic fractures with chronic pain [and] poor healing." AR 580. She opined Plaintiff was limited to sedentary work and had emotional and mental issues including schizophrenia and anxiety. AR 584. Ms. Svoboda opined Plaintiff had permanent conditions that

would likely limit his ability to work, look for work, or train for work. AR 580-581. As Ms. Svoboda is an "other medical source" her testimony "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010). The ALJ discussed Ms. Svoboda's opinion and gave it little weight, saying:

> Ms. Svoboda treated the claimant; however, her opinion that the claimant had a sedentary exertional capacity did not appear to be consistent with the medical evidence. Specifically, the claimant has been noted with normal gait.

AR 35 (citations omitted).

The ALJ dismissed Ms. Svoboda's opinion because it was inconsistent with the evidence in the record that Plaintiff was noted with normal gait. AR 35. But the ALJ failed to show how having a normal gait is inconsistent with being limited to sedentary work. Plaintiff's normal gait does not necessarily show he could "perform an eight-hour workday, five days per week, or an equivalent work schedule" at a more than sedentary level. *See* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *1. Without further explanation, the ALJ's reasoning is conclusory. *See Treichler*, 775 F.3d at 1103. Moreover, limiting a claimant to sedentary work includes more than just a limitation on walking. "Unskilled sedentary work also involves other activities, classified as 'nonexertional,' such as capacities for seeing, manipulation, and understanding, remembering, and carrying out simple instructions." *See* Social Security Ruling ("SSR") 96-9p, 1996 WL 374185 *3. Thus, in reaching the conclusion that a claimant should be limited to sedentary work, a medical professional considers more than just the claimant's gait; she also considers the claimant's "capacities for seeing, manipulation, and understanding, remembering, and carrying out simple instructions." *Id.*

1  Here, noting Plaintiff has a normal gait does not completely contradict Ms. Svoboda's

2  opinion that Plaintiff should be limited to sedentary work, as there are other areas of Plaintiff's

3  functionality that may be more limited. Lastly, Ms. Svoboda opined to more than just limiting

4  Plaintiff to sedentary work. For example, she also opined Plaintiff had emotional and mental

5  issues and diagnosed him with schizophrenia and anxiety. *See* AR 584. The ALJ did not discuss

6  how the portion of Ms. Svoboda's opinion regarding Plaintiff's mental health limitations is

7  inconsistent with the medical evidence. *See Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir.

8  1984) (it is error for the ALJ to ignore or misstate competent evidence in order to justify a

9  conclusion). Accordingly, the ALJ's reason for discounting Ms. Svoboda's opinion is not

10 germane, and the ALJ is directed to reassess Ms. Svoboda's opinion on remand.

   C.  <u>Mr. Rose and Mr. Smith</u>

12  Mr. Rose and Mr. Smith, Clinicians at Cascade Mental Health Care, co-authored a letter

13 outlining Plaintiff's mental health. AR 1681. Mr. Rose and Mr. Smith opined that "[i]t is highly

14 unlikely that [Plaintiff] would be able to maintain employment at this time due to his symptoms."

15 AR 1681. They also opined that employment would exacerbate Plaintiff's symptoms. AR 1681.

16 Mr. Rose and Mr. Smith indicated that Plaintiff was diagnosed with schizophrenia. AR 1681.

17  The ALJ discussed Mr. Rose and Mr. Smith's opinion and gave it little weight, saying:

18  (1) First, and foremost, it is not consistent with the record (including their own
    therapy notes) as discussed above, which indicate basic stability when properly on
19  medication. (2) Second, the opinion is not specific as to the timeframe of the alleged
    limitations, (3) nor is it specific as to how the alleged limitations would actually
20  affect work functions.

21 AR 36 (numbering added) (citations omitted).

22  The ALJ first discounted Mr. Rose and Mr. Smith's opinion because it is inconsistent

23 with the record and cited to several places in the record which indicate Plaintiff is stable when

24

properly on medication. AR 36. "Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [disability] benefits." *Warre v. Comm'r of the SSA*, 439 F.3d 1001, 1006 (9th Cir. 2006); *see also Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983) (noting an ALJ may consider whether treatment produced a fair response or control of pain which was satisfactory).

Here, the record indicates that Plaintiff was stable when he took medication. *See* AR 459, 485, 550, 574, 589, 591, 603, 610, 614, 617, 1097, 1100, 1131, 1137, 1143, 1151, 1169, 1189, 1193, 1203, 1204, 1205, 1211. Plaintiff asserts the record considered in its entirety provides support for Mr. Rose and Mr. Smith's opinion. Dkt. 12, pp. 5-6. That the ALJ did not discuss every piece of evidence in the record does not undermine his determination that the record—which showed Plaintiff's symptoms were stable and well-controlled with treatment—contradicted Mr. Rose and Mr. Smith's opinion. "[I]n interpreting the evidence and developing the record, the ALJ does not need to 'discuss every piece of evidence.'" *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998)). Although the ALJ did not discuss every piece of evidence in the record, this was not error because he was not required to do so. By contrast, the ALJ met his requirement of reviewing the record and providing a germane reason for rejecting the opinion. *See Cf. Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (holding that "evidence of medical treatment successfully relieving symptoms can undermine a claim of disability"). Thus, the ALJ's first reason for discounting Mr. Rose and Mr. Smith's opinion is germane.

Second, the ALJ rejected Mr. Rose and Mr. Smith's opinion because it was not specific as to the timeframe of the alleged limitations. AR 36. Although unclear, the ALJ seems to argue that the opinion deserves little weight because its authors did not specify how long Plaintiff's

limitations would last. To be found disabled, Plaintiff must establish that he is unable to "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Here, the ALJ correctly noted Mr. Rose and Mr. Smith did not identify which, if any of Plaintiff's alleged impairments would satisfy the durational requirement—that a disabling impairment last for at least 12 months. *See* 42 U.S.C. § 423(d)(1)(A); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (to be eligible for benefits, claimant must demonstrate an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). Mr. Rose and Mr. Smith did not explain how long they expected Plaintiff's alleged impairments to last. *See generally* AR 1681. As Mr. Rose and Mr. Smith failed to outline the potential duration of Plaintiff's alleged impairments, the ALJ's second reason for discounting Mr. Rose and Mr. Smith's opinion is germane.

Third, the ALJ discounted Mr. Rose and Mr. Smith's opinion because it was not specific as to how the alleged limitations would affect Plaintiff's ability to work. AR 36. Mr. Rose and Mr. Smith opined that Plaintiff would not be able to maintain employment "at this time due to his symptoms." AR 1681. Although they opined Plaintiff's condition would become worse with employment, they did not specify how Plaintiff's alleged limitations would affect his ability to work. *See Smolen*, 80 F.3d at 1290 (quoting *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (*adopting* Social Security Ruling ("SSR") 85-28)) ("An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight

abnormality having 'no more than a minimal effect on an individual[']s ability to work.'"). Here, Mr. Rose and Mr. Smith did not specify how Plaintiff's impairment has more than a minimal effect on his ability to work. Accordingly, the ALJ's third reason for discount Mr. Rose and Mr. Smith's opinion is germane.

In sum, the ALJ provided three germane reasons for rejecting Mr. Rose and Mr. Smith's opinion, and therefore did not err in his analysis of their opinion.

D. <u>Other Medical Evidence</u>

Plaintiff cites an exhaustive list of medical findings in the record and asserts that these findings support the medical opinion evidence. Dkt. 12, pp. 6-10. Plaintiff says this evidence, considered in its entirety, is consistent with the opinions of Dr. Weiss, Ms. Svoboda, Mr. Rose, and Mr. Smith, as well as Plaintiff's own testimony. Dkt. 13, p. 15. Given the lack of specificity in Plaintiff's argument, Plaintiff has failed to demonstrate any harmful error regarding other medical evidence. *See Bailey v. Colvin*, 669 Fed. Appx. 839, 840 (9th Cir. 2016) (citing *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012)) (finding no error where the claimant did not "demonstrate prejudice from any errors"). By failing to explain how the ALJ erred with regard to each particular finding, Plaintiff failed to show how the ALJ's alleged mistreatment of this evidence was consequential to the RFC and the ultimate disability determination. The Court therefore rejects Plaintiff's conclusory argument. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692, n. 2 (9th Cir. 2009) (rejecting "any invitation" to find error where the claimant failed to explain how the ALJ harmfully erred); *see also Carmickle*, 533 F.3d 1155 at 1161 (citation and internal quotation omitted) (the court "ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief").

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 11

## II. Whether the ALJ properly considered Plaintiff's subjective symptom testimony and the lay witness testimony.

Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony about his symptoms and limitations. Dkt. 12, pp. 11-13. Plaintiff also contends the ALJ erred in rejecting the lay witness testimony. Dkt. 12, pp. 13-14. The Court concludes the ALJ committed harmful error in assessing the opinions of Dr. Weiss and Ms. Svoboda and must re-evaluate these opinions on remand. *See* Section I, *supra*. Because Plaintiff will be able to present new evidence and new testimony on remand and because the ALJ's reconsideration of the medical evidence may impact his assessment of Plaintiff's subjective testimony and the lay witness testimony, the ALJ must reconsider Plaintiff's testimony and the lay witness testimony on remand.

## III. Whether the ALJ erred in assessing the RFC and finding Plaintiff not disabled at Step 5.

Plaintiff asserts the ALJ erred in assessing his RFC and finding him not disabled at Step 5 of the sequential evaluation process because the RFC and hypothetical questions did not contain all Plaintiff's functional limitations. Dkt. 12, pp. 14-15. The Court concludes the ALJ committed harmful error when he failed to properly the opinions of Dr. Weiss and Ms. Svoboda. *See* Section I, *supra*. The ALJ is directed to re-evaluate their opinions on remand. *See* Section I, *supra.* The ALJ must therefore reassess the RFC on remand. *See* Social Security Ruling 96-8p ("The RFC assessment must always consider and address medical source opinions."); *Valentine*, 574 F.3d at 690 ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, he must also re-evaluate the findings at Step 5 to determine if there are jobs existing in significant numbers in the national economy Plaintiff can perform in light of the RFC. *See Watson v. Astrue*, 2010

WL 4269545, *5 (C.D. Cal. Oct. 22, 2010) (finding the ALJ's RFC determination and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider a doctor's findings).

> **IV. Whether the ALJ's decision is supported by substantial evidence in light of the new evidence submitted to the Appeals Council and included in the administrative record.**

Plaintiff argues that, in light of the new evidence he submitted to the Appeals Council, the ALJ's decision is not supported by substantial evidence. Dkt. 12, pp. 15-18. When the Appeals Council considers new evidence in denying review of the ALJ's decision, "the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence" and free of legal error. *Brewes v. Commissioner of Social Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012); *Taylor v. Commissioner of Social Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011). All of the "new evidence" cited by Plaintiff in his Opening Brief was submitted after the ALJ issued his decision finding Plaintiff not disabled. *See* Dkt. 12, pp. 15-18. The Appeals Council reviewed Plaintiff's claim including the new evidence and found "that the reasons do not provide a basis for changing the [ALJ]'s decision." AR 1-3.

The Court concludes the ALJ committed harmful error in assessing the opinions of Dr. Weiss and Ms. Svoboda. *See* Section I, *supra*. Regardless of whether the new evidence supports the ALJ's decision finding Plaintiff not disabled, the ALJ is directed to reassess the opinions of Dr. Weiss and Ms. Svoboda on remand. *See* Section I, *supra*. Therefore, the ALJ is also directed to assess the new evidence submitted by Plaintiff on remand, as it may be relevant in determining Plaintiff's disability status.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 4th day of March, 2020.

David W. Christel
United States Magistrate Judge